UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-24806-CV-WILLIAMS

FIDENCIO HERNANDEZ ALVAREZ,

    Petitioner,

v.

ACTING WARDEN ROGER MORRIS, *et al.*,

    Respondents.
    _____/

## ORDER

**THIS MATTER** is before the Court on Petitioner Fidencio Hernandez Alvarez's ("**Petitioner**" or "**Mr. Hernandez**") Petition for Writ of Habeas Corpus (DE 1) ("**Petition**"). Respondents filed a Response in Opposition (DE 5) ("**Response**").[1] For the reasons discussed below, Mr. Hernandez's Petition (DE 1) is **GRANTED.**

### I.    FACTUAL BACKGROUND

Mr. Hernandez is a Mexican citizen who has resided in the United States since approximately November 2019. (DE 1 ¶¶ 14, 41). He has two United States citizen children and no prior criminal history. (*Id.* ¶ 44; DE 5-1 at 2). On September 16, 2025, Mr. Hernandez was arrested during a traffic stop and taken into custody of the United States Department of Homeland Security's ("**DHS**") Immigration and Customs Enforcement ("**ICE**"). (*Id.* ¶ 42; DE 5-2 ¶ 8). That day, ICE served Mr. Hernandez with a Notice to Appear ("**NTA**"), charging him with removability as "an alien present in the United State who has

---

[1] The Court allowed Petitioner until three days after the docketing of the Response to file a reply. (DE 3 at 3). However, due to the urgency of the matter, and because the Court is granting Petitioner's requested relief, the Court will not wait for Petitioner's reply deadline to pass before resolving the Petition.

not been admitted or paroled" under 8 U.S.C. § 1182(a)(6)(A)(i) and commencing removal proceedings under 8 U.S.C. § 1229(a). (*Id.* ¶ 43; DE 5-2 ¶ 9; DE 5-5 at 1). Mr. Hernandez was initially transferred to Florida Soft-Sided Facility South, before being transferred to the Miami Federal Detention Center ("**FDC**") at 33 NE 4th Street Miami, FL 33132, where he remains in custody. (*Id.* ¶¶ 1, 14, 45; DE 1-1; DE 5-4 (detention history)).

On October 10, 2025, Mr. Hernandez appeared before an EOIR immigration judge ("IJ") for a bond hearing. (DE 5 ¶ 10; DE 5-6). The IJ denied bond without conducting a dangerousness or risk of flight determination, concluding that Mr. Hernandez's detention is mandatory, and the court lacked jurisdiction over his detention status. (DE 1 ¶ 45–47; DE 5 ¶ 10; DE 5-6).

On October 17, 2025, Mr. Hernandez filed this three-count Petition, essentially arguing that the IJ's decision "violates the plain language of the Immigration and Nationality Act [("**INA**")]." (DE 1 ¶ 5). Count I alleges a violation of the INA, claiming the mandatory detention provision at 8 U.S.C. § 1225(b)(2) was improperly applied to him, as a person who previously entered the United States and was residing in the country before being placed in removal proceedings. (*Id.* ¶ 50). Instead, noncitizens like him may be given a bond under § 1226(a). (*Id.* ¶ 22–40, 50). On the same basis, Count II alleges a violation of the bond regulations promulgated pursuant to the INA. (*Id.* ¶¶ 53–55). Finally, in Count III, Mr. Hernandez claims that his continued detention without a bond redetermination hearing to determine whether he is a flight risk or danger to the community is a violation of Due Process. (*Id.* ¶¶ 57–60). He requests that the Court either require Respondents to release him or to provide him with a bond hearing pursuant to 8

U.S.C. § 1226(a) within seven days. (*Id.* at 14). Mr. Hernandez has a master calendar hearing in his immigration case on October 29, 2025. (DE 5 ¶ 13).

## II.   LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

### A. *Administrative Exhaustion*

As an initial matter, Respondents argue that the Court should dismiss the Petition because Petitioner did not seek review of the IJ's decision before the Bureau of Immigration Appeals ("**BIA**"). (DE 5 at 3). But as Respondents concede, the exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. (*Id.* (quoting *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)))).

Petitioner suggests that continuing to pursue administrative relief would be futile given the BIA's recent decision in *Matter of Yajure Hurtado, 29 I&N Dec. 216* (B.I.A. 2025). *See* (DE 1 ¶ 47). In *Yajure Hurtado*, decided just last month, the BIA rejected the precise argument Petitioner raises here. 29 I&N Dec. at 220 ("Under the plain reading of the INA, we affirm the [IJ's] determination that he did not have authority over the bond request

because aliens who are present in the United States without admission are applicants for admission as defined under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings.").

Administrative "exhaustion is not required where . . . an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Therefore, the Court agrees with Petitioner and the growing number of courts that have concluded that since the result of any "bond appeal to the BIA is nearly a foregone conclusion under [*Yajure Hurtado*], any prudential exhaustion requirements are excused for futility." *Puga v. Assistant Field Off. Dir., Krome North Serv. Processing* Ctr., 25-cv-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025); *see also Jefry Josue Del Cid Del Cid and Marlon Letona Marroquin Marroquin v. Pamela Bondi*, 2025 WL 2985150, at *13 (W.D. Pa. Oct. 23, 2025); *Guerrero Orellana v. Moniz*, --F. Supp. 3d--, 2025 WL 2809996, at *4 n.2 (D. Mass. Oct. 3, 2025); *Inlago Tocagon v. Moniz*, --F. Supp. 3d--, 2025 WL 2778023, at *2 (D. Mass. Sep. 29, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211, at *5 (D. Nev. Sep. 23, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sep. 17, 2025). The Court will continue to the Petition's merits.

### B. *Petitioner is being detained unlawfully because the IJ applied the incorrect statutory framework to his initial bond determination.*

Petitioner's claims hinge on the argument that because he had been present in the United States for years upon his apprehension by ICE, "his detention is governed by 8 U.S.C. § 1226(a), which allows for the release of noncitizens on bond," *Puga*, 2025 WL 2938369, at *3, not § 1225(b)(2), applicable to noncitizen "applicant[s] for admission" to the United States. § 1225(b)(2)(A).

Countless federal courts nationwide, including this one, have addressed this issue. As far as the Court is aware, every court has arrived at the same answer: Petitioner is correct. The IJ and Respondents' interpretation of the INA "directly contravenes the statute, disregards decades of settled precedent," and is erroneous. *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292 (S.D. Fla. Oct. 10, 2025), ECF 41 at 10; *see also Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *7 (E.D. Mich. Sep. 9, 2025) ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *see also Puga*, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sep. 25, 2025); *Harsh Patel v. Crowley*, No. 25-11180, 2025 U.S. Dist. LEXIS 209958, at *9–12 (N.D. Ill. Oct. 24, 2025); *Esquivel-Ipina v. Larose*, No. 25-cv-2672, 2025 U.S. Dist. LEXIS 210275, at *9–12 (C.D. Cal. Oct. 24, 2025); *Carmona v. Noem*, No. 25-cv-1131, 2025 U.S. Dist. LEXIS 209629, at *14–17 (W.D. Mich. Oct. 24, 2025); *Lopez v. Hyde*, 25-12680, 2025 U.S. Dist. LEXIS 209916, at *4–5 (D. Mass. Oct. 24, 2025); *Guerra v. Joyce*, No. 25-cv-00534, 2025 WL 2986316, at *3 (D. Me. Oct. 23, 2025); *Lomeu v. Soto*, 25-cv-16589, 2025 WL 2981296, at *7–8 (D.N.J. Oct. 23, 2025); *Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256, at *4 (D.N.J. Oct. 23, 2025); *Aparicio v. Noem*, 2025 U.S. Dist. LEXIS 208898, at *12–13 (D. Nev. Oct. 23, 2025); *Loa Caballero v. Baltazar,* No. 25-cv-03120, 2025 WL 2977650, at *5–6 (D. Colo. Oct. 22, 2025); *Soto v. Soto,* No. 25-cv-16200, 2025 U.S. Dist. LEXIS 207818, at *16–19 (D.N.J. Oct. 22, 2025); *Garcia v. Noem*, 25-cv-02771, 2025 U.S. Dist. LEXIS

209286, at *10–15 (C.D. Cal. Oct. 22, 2025); *Aguiar v. Moniz*, No. 25-cv-12706, 2025 WL 2987656, at *3 (D. Mass. Oct. 22, 2025); *Rivera v. Moniz*, 25-cv-12833, 2025 WL 2977900, at *1–2 (D. Mass. Oct. 22, 2025); *Avila v. Bondi*, No. 25-3741, 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025); *Contreras-Lomeli v. Raycraft*, No. 25-cv-12826, 2025 U.S. Dist. LEXIS 207162, at *22 (E.D. Mich. Oct. 21, 2025); *Maldonado de Leon v. Baker*, No. 25-3084, 2025 WL 2968042, at *7 (D. Md. Oct. 21, 2025); *Casio-Mejia v. Raycraft*, No. 25-cv-13032, 2025 U.S. Dist. LEXIS 207165, at *12, 16–17 (E.D. Mich. Oct. 21, 2025); *Miguel v. Noem*, 25-11137, 2025 WL 2976480, at *6 (N.D. Ill. Oct. 21, 2025); *Pineda v. Simon*, No. 25-cv-01616, 2025 WL 2980729, at *2 (E.D. Va. Oct. 21, 2025); *Matheus Araujo DA Silva v. Bondi*, No. 25-cv-12672, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025); *Barahona v. Hyde*, No. 25-cv-12551, 2025 U.S. Dist. LEXIS 205964, at *4–5 (D. Mass. Oct. 20, 2025); *H.G.V.U. v. Smith,* No. 25-cv-10931, 2025 WL 2962610, at *4–6 (N.D. Ill. Oct. 20, 2025); *Gonzalez v. Hyde*, No. 25-8250, 2025 U.S. Dist. LEXIS 208578, at *10–11 (S.D.N.Y. Oct. 19, 2025); *Polo v. Chestnut*, No. 25-cv-01342, 2025 WL 2959346, at *11 (E.D. Cal. Oct. 17, 2025); *Sanchez v. Minga Wofford, Warden, Mesa Verde Immigr. Processing Ctr.*, No. 25-cv-01187, 2025 WL 2959274, at *3 (E.D. Cal. Oct. 17, 2025); *Gutierrez v. Juan Baltasar, Warden, Denver Cont. Det. Facility*, No. 25-cv-2720, 2025 U.S. Dist. LEXIS 208448, at *12–27 (D. Colo. Oct. 17, 2025); *Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648, at *4–6 (W.D. Mich. Oct. 17, 2025); *Zamora v. Noem*, No. 25-12750, 2025 WL 2958879, at *1 (D. Mass. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, 25-cv-13056, 2025 WL 2978529, at *6–9 (E.D. Mich. Oct. 17, 2025); *Diaz Sandoval v. Raycraft*, No. 25-cv-12987, 2025 WL 2977517, at *6–9 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*, No. 25-cv-13073, 2025 WL

2952796, at *6–8 (E.D. Mich. Oct. 17, 2025); *Ochoa v. Noem*, No. 25-10865, 2025 WL 2938779, at *4–6 (N.D. Ill. Oct. 16, 2025); *Hernandez v. Crawford*, No. 25-cv-01565, 2025 WL 2940702, at *2 (E.D. Va. Oct. 16, 2025); *Piña v. Stamper*, No. 25-cv-00509, 2025 WL 2939298, at *3 (D. Me. Oct. 16, 2025); *Tut v. Noem*, No. 25-cv-02701, 2025 U.S. Dist. LEXIS 204616, at *9 (C.D. Cal. Oct. 16, 2025); *Sequen v. Albarran*, No. 25-cv-06487, 2025 WL 2935630, at *8 (N.D. Cal. Oct. 15, 2025); *Teyim v. Perry*, No. 25-cv-01615, 2025 WL 2950184, at *2–3 (E.D. Va. Oct. 15, 2025); *Singh v. Lyons*, 25-cv-01606, 2025 WL 2932635, at *2–3 (E.D. Va. Oct. 14, 2025); *Alejandro v. Olson*, 25-cv-02027, 2025 WL 2896348, at *7–9 (S.D. Ind. Oct. 11, 2025); *Rico-Tapia v. Smith*, No. 25-00379, 2025 U.S. Dist. LEXIS 206547, at *21 (D. Haw. Oct. 10, 2025); *Chavez v. Kaiser*, No. 25-cv-06984, 2025 WL 2909526, at *5 (N.D. Cal. Oct. 9, 2025); *Donis v. Chestnut*, No. 25-01228, 2025 WL 287514, at *11 (E.D. Cal. Oct. 9, 2025); *Eliseo A.A. v. Olson*, No. 25-3381, 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *3 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. 25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025); *S.D.B.B. v. Johnson*, No. 25-cv-882, 2025 WL 2845170, at *5 (M.D.N.C. Oct. 7, 2025); *Gonzalez v. Bostock*, 25-cv-01404, 2025 WL 2841574, at *3–4 (W.D. Wash. Oct. 7, 2025); *Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *12 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-5208, 2025 WL 2829434, at *7 (E.D.N.Y. Oct. 5, 2025); *Cordero Pelico v. Kaiser*, No. 25-cv-07826, 2025 WL 2822876, at *15 (N.D. Cal. Oct. 3, 2025); *Orellana v. Moniz*, 25-cv-12664, 2025 WL 2809996, at *5 (D. Mass. Oct. 3, 2025); *Elias Escobar v. Hyde*, No. 25-cv-12620, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025); *Silva v. United States Immigr. & Customs*

*Enf't*, No. 25-cv-284, 2025 U.S. Dist. LEXIS 191101, at *6–7 (D.N.H. Sep. 29, 2025); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *10 (D. Me. Sep. 29, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910, at *4 (E.D. Cal. Sep. 23, 2025); *Chogllo Chafla v. Scott*, Nos. 25-cv-00437, 25-cv-00438, 25-cv-00439, 2025 WL 2688541, at *6–9 (D. Me. Sep. 22, 2025); *Barrera v Tindall*, No. 25-cv-541, 2025 WL 2690565, at *5 (W.D. Ky. Sep. 19, 2025); *Pablo Sequen v. Kaiser*, No. 25-cv-06487, 2025 WL 2650637, at *6–8 (N.D. Cal. Sep. 16, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924, 2025 WL 2637503, at *8–12 (N.D. Cal. Sep. 12, 2025); *Lopez Santos v. Noem*, No. 3:25-cv-01193, 2025 WL 2642278, at *3–5 (W.D. La. Sep. 11, 2025); *Jimenez v. FCI Berlin*, No. 25-cv-326, 2025 WL 2639390, at *5–10 (D.N.H. Sep. 8, 2025); *Doe v. Moniz*, 25-cv-12094, 2025 WL 2576819, at *5 (D. Mass. Sep. 5, 2025); *Garcia v. Noem*, No. 25-cv-01180, 2025 WL 2549431, at *5–7 (S.D. Cal. Sep. 3, 2025); *Francisco v. Bondi*, No. 25-cv-03219, 2025 WL 2629839, at *2–4 (D. Minn. Aug. 29, 2025); *Lopez-Campos v. Raycraft*, No. 25-cv-12486, 2025 WL 2496379, at *5–8 (E.D. Mich. Aug. 29, 2025); *Diaz v. Mattivelo*, No. 25-cv-12226, 2025 WL 2457610, at *3 (D. Mass. Aug. 27, 2025); *Kostak v. Trump*, No. 25-1093, 2025 WL 2472136, at *2–3 (W.D. La. Aug. 27, 2025); *Benitez v. Noem*, No. 25-cv-02190, 2025 U.S. Dist. LEXIS 171945, at *8–12 (C.D. Cal. Aug. 25, 2025); *Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *11–13 (D. Mass. Aug. 19, 2025); *Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411, at *11–12 (D. Minn. Aug. 15, 2025); *dos Santos v. Noem*, 25-cv-12052, 2025 WL 2370988, at *6–8 (D. Mass. Aug. 14, 2025); *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *4–9 (S.D.N.Y. Aug. 13, 2025); *Rosado v. Figueroa*, No. 25-12157, 2025 WL 2337099, at *6–11 (D. Ariz. Aug. 11, 2025) *report and recommendation adopted by*, 2025 WL 2349133 (Aug. 13,

2025); *Bautista v. Santacruz*, No. 25-cv-01873, 2025 U.S. Dist. LEXIS 171364, at *13–16 (C.D. Cal. July 28, 2025); *Martinez v. Hyde*, No. 25-11613, 2025 WL 2084238, at *5–9 (D. Mass. July 24, 2025); *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *5–8 (D. Mass. July 7, 2025); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256–61 (W.D. Wash. 2025). The Court adopts the exhaustive analyses conducted by these courts. "Because the [IJ's] decision to apply § 1225 and [deny] bond" without conducting a dangerousness and risk of flight determination "rested on an incorrect statutory interpretation," Petitioner's Count I is meritorious, and he is entitled to relief. *Gil-Paulino*, 25-cv-24292 (S.D. Fla. Oct. 10, 2025), ECF 41 at 12.[2]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Mr. Hernandez's Petition (DE 1) is **GRANTED**.
2. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **October 29, 2025**, or otherwise release Petitioner by that time.
3. Respondents shall file a notice with the Court on or before **October 31, 2025** confirming and detailing their compliance with this Order.

---

[2] The Court "declines to reach the merits of Petitioner's . . . [Count II and] due process claim, as it is granting the relief he seeks in Count One." *Puga*, 2025 WL 2938369, at *6 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in another count, but allowing the due process claim to be reasserted if the respondents do not comply with the court's order to provide a bond hearing or release); s*ee also Pizarro Reyes*, 2025 WL 2609425, at *8 (same).

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>27th</u> day of October, 2025.

                                                              KATHLEEN M. WILLIAMS
                                                              UNITED STATES DISTRICT JUDGE